IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN ANTONI FORD, #M48792, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| DR. LARSON, and GERST, | ) ) ) ) |
| Defendants. | ) |

Case No. 19-cv-00686-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Melvin Ford, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Graham Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred while incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Ford claims that Defendants have been deliberately indifferent to his medical needs; he seeks monetary and injunctive relief.

Ford's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## THE COMPLAINT

Ford makes the following allegations: During his time at Big Muddy, he received inadequate care for his heart, knees, and ankle. On multiple occasions, he informed Defendants Dr. Larson and Physician Assistant Gerst that he was having extreme pain in his heart, knees, and ankle, but his requests to (1) see a cardiologist; (2) have an MRI; (3) be prescribed a low sodium diet; (3) receive a medical gym permit; and (4) have a coronary calcium exam, were all denied. (Doc. 1, pp. 19-22). He was told that Big Muddy does not allow inmates to see cardiologists and does not like for the medical staff to order MRI's because of the costs. (*Id.* at pp. 20, 21). He was also prescribed a medication that caused him to become dehydrated, without instructions on how much water to drink in order to stay hydrated. (*Id.* at p. 22). Instead of prescribing a special diet for Ford, Gerst told him that if he wanted to lose weight he should stop eating. (*Id.* at p. 20).

Because of the inadequate care, on May 5, 2019, Ford had a heart attack. Following the heart attack, Dr. Larson still denied his requests to see a cardiologist and to be placed on a bland heart healthy diet. (*Id.* at p. 19). While at Big Muddy, Ford continued to have difficulty losing weight to help his heart condition because of the high sodium diet of the cafeteria. And, because his knees and ankle have gone untreated, he cannot run or put weight on his knees and ankle without causing extreme pain. (*Id.* at pp. 22-23).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate one Count:

**Count 1:** Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Larson and Gerst for providing inadequate treatment for Ford's heart condition and knee and ankle pain.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

Inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The "receipt of some medical care does not automatically defeat a claim of deliberate indifference." *Edwards v. Snyder,* 478 F.3d 827, 831 (7th Cir. 2007). Deliberate indifference may occur where a prison official, having knowledge of a significant risk to inmate health or safety, administers "blatantly inappropriate" medical treatment, *Edwards,* 478 F.3d at 831, acts in a manner contrary to the recommendation of specialists, *Arnett v. Webster,* 658 F.3d 658, 753 (7th Cir. 2011), or delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Furthermore, a medical professional's actions may reflect deliberate indifference if he "chooses an easier and less efficacious treatment without exercising professional judgment or simply continues with a course of treatment that he knows is ineffective in treating the inmate's condition." *Arnett,* 658 F.3d at 754 (citations and quotations omitted).

Ford's claims that, despite repeatedly informing Dr. Larson and Gerst that he was experiencing heart, knee, and ankle pain, they continued with an inadequate and ineffective line of treatment, ultimately resulting in a heart attack, is sufficient for Count 1 to survive preliminary review.

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## INJUNCTIVE RELIEF

In addition to monetary damages, Ford requests the following injunctive relief: (1) to be examined by cardiologist and a foot and ankle tissue specialist; (2) an MRI; (3) access to a stationary bike; and (4) a heart healthy diet. His requests for injunctive relief, however, are rendered moot by his transfer from Big Muddy. The removal of a prisoner from the institution where he was subject to unconstitutional behavior generally renders a prayer for injunctive relief moot unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here." *Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). As Ford is now at Graham Correctional Center, his requests for injunctive relief are denied without prejudice. (*See* Doc. 8, Notice of Change of Address).

## MOTION FOR RECRUITMENT OF COUNSEL

Ford has filed a Motion for Recruitment of Counsel (Doc. 3), which also will be denied at this time. In the motion, Ford states that, in an attempt to recruit counsel, he has sent three letters to law firms but has not received any responses. (*Id*. at p. 1). Although he lists three law firms, he does not provide any additional information. This is not sufficient for the Court to determine if he has made a reasonable effort to obtain counsel on his own, and thus, Ford has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should he choose to move for recruitment of counsel at a later date, the Court directs Ford to include in the motion the names *and* addresses of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

#### MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE

Because Ford has been granted pauper status (Doc. 6) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 4) will be denied as moot.

#### DISPOSITION

**IT IS ORDERED** that the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against **Larson** and **Gerst**.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice** and the Motion for Service of Process at Government Expense (Doc. 4) is **DENIED as moot.**

The Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for **Larson** and **Gerst**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk of Court is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Ford. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk of Court within 30 days from the date the forms were sent, the Clerk of Court shall take appropriate steps to effect formal service on that defendant, and the court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant cannot be found at the work address provided by Ford, the employer shall furnish the Clerk of Court with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk of Court. Address information shall not be maintained in the court file or disclosed by the Clerk of Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, defendants need only respond to the issues stated in this merit review order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Ford, and the judgment includes the payment of costs under Section 1915, Ford will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C.§ 1915(f)(2)(A).

Finally, Ford is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/13/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**