IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN ANTONI FORD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No.   19-cv-686-RJD |
| | ) |
| DR. LARSON and PA GERST, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies filed by Defendants Larson and Gerst (Doc. 44). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff Melvin Antoni Ford, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). In his complaint, Plaintiff alleges he was provided inadequate medical treatment for his heart, knee, and ankle conditions. More specifically, Plaintiff alleges that he requested to see a cardiologist and have an MRI of his knees and right foot, but was denied. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he is proceeding on the following claims:

    Count One:    Eighth Amendment claim of deliberate indifference to a serious medical need against Dr. Larson and P.A. Gerst for providing inadequate treatment for Plaintiff's heart condition and knee and ankle pain.

Defendants filed a motion for summary judgment arguing Plaintiff failed to exhaust his

administrative remedies prior to filing suit (Doc. 44).  In their motion, Defendants assert the only grievance relevant to the claims in this lawsuit obtained from Plaintiff's institution or the ARB was dated February 12, 2019.  In this grievance, Plaintiff complains about the lack of treatment he received from a nurse and Dr. Larson on February 12, 2019.  This grievance was submitted as an emergency grievance, but the warden found an emergency was not substantiated on February 17, 2019.  The counselor responded to this grievance on March 1, 2019.  There was no appeal of this grievance.

Plaintiff filed a response to Defendants' motion on August 6, 2020 (Doc. 47), asserting the grievance referenced by Defendants was concerning an incident that occurred 2 months prior to the incident that prompted this lawsuit.  Plaintiff asserts that the February 12, 2019 grievance is not relevant to this lawsuit.  Plaintiff explains that the incident giving rise to this lawsuit occurred on May 5, 2019, and there were no grievance forms available to inmates at that time.  Plaintiff argues that after requesting grievance forms for over a month to no avail, his only recourse was to file suit.  Plaintiff subsequently filed a memorandum and declaration (Docs. 50 and 51).  In these filings, Plaintiff explains his February 12, 2019 grievance was neither denied nor affirmed and, when he tried appealing it, counselor Schrader hand-delivered it back to Plaintiff, explaining that the counselor's office does not address "medical appeals."  Schrader told Plaintiff he would need to send his grievance to the medical department, which he did.  Plaintiff asserts it was later returned to him with no response.

Plaintiff also explains that after suffering his medical incident on May 5, 2019 and realizing Dr. Larson would not refer him to a cardiologist or joint pain specialist, he tried to file a grievance.  Plaintiff writes this was sometime after May 20, 2019.  Plaintiff asked his wing officer, counselor Schrader, and numerous lieutenants for grievance forms, but was told they did

not have any.   This continued for about a month, and Plaintiff determined the next step was to file suit, which he did on June 26, 2019.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on October 20, 2020.   At the hearing, Plaintiff testified concerning his efforts to exhaust the issues in this lawsuit, reiterating much of what he had included in his response and declaration in opposition to Defendants' motion.   Plaintiff explained he submitted three grievances while incarcerated at Big Muddy from August 2018 to September 2019, and only one grievance related to medical care.   This grievance was dated February 12, 2019.   Plaintiff clarified that he now believed his February 12, 2019 grievance related to the claims in this lawsuit insofar as it concerned the medical treatment for his heart.   With regard to this grievance, Plaintiff explained he sought a coronary calcium exam, and access to an exercise bike and the medical gym. As set forth in his declaration, Plaintiff testified he received the counselor's response to this grievance and found there was not a clear denial or affirmance.   Plaintiff then put this grievance back in his counselor's box to appeal it to the next level.   Counselor Schrader brought it back to Plaintiff and told him it could not be processed by the counselor's office and it had to be sent as a medical appeal.

Although Plaintiff indicated his February 12, 2019 grievance relates to the claims in this lawsuit, Plaintiff testified that the claims at issue stem from an event on May 5, 2019 when Plaintiff passed out while in the gym.   After this event, Plaintiff was seen by Defendants Dr. Larson and PA Gerst and, not until shortly after May 20, 2019 did Plaintiff realize Defendants would not refer Plaintiff to see an outside specialist for his heart or joint complaints.   At this point, Plaintiff attempted to file a grievance.   Plaintiff testified that he only had one grievance form and he had filled it out and submitted it on May 20, 2019, in an attempt to grieve a mail handling issue

(*see* Doc. 45-1 at 39-40). In an attempt to file a grievance against Dr. Larson and PA Gerst, Plaintiff asked his wing officer for a grievance form, but was told the wing officer did not have any such forms. Plaintiff then submitted request slips to counselor Schrader, who responded to the first request indicating the counselor's office did not have any grievance forms. Plaintiff also asked lieutenants for grievance forms, but was again told they did not have any such forms. This occurred for approximately 30 days. Plaintiff then filed this lawsuit.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and

(e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

In consideration of the parties' arguments and based on the evidence in the record, the Court finds Plaintiff attempted to exhaust his administrative remedies prior to filing this lawsuit, but that his efforts were thwarted.

In particular, the Court credits Plaintiff's testimony that he attempted to draft and submit a grievance in late May 2019 concerning the treatment rendered by Dr. Larson and PA Gerst, but was denied a grievance form. In so finding, the Court notes Plaintiff's testimony corroborates statements included in his complaint indicating he asked multiple officials for a grievance form, but was denied (Doc. 1 at 17). Moreover, Defendants have failed to provide evidence to rebut Plaintiff's testimony, and it is their burden to show Plaintiff failed to exhaust. Finally, the Court notes that although Plaintiff had 60 days to file a grievance with his counselor or Grievance Officer pursuant to the Illinois Administrative Code, there is no requirement that he wait 60 days to file a lawsuit if he is being thwarted in his efforts to exhaust. *See* 20 ILCS § 504.810. For these

reasons, the Court finds Plaintiff's efforts to exhaust were thwarted by his institution and he may proceed in this action against Defendants Dr. Larson and PA Gerst.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies filed by Defendants Larson and Gerst (Doc. 44) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 22, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**