IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MELVIN ANTONI FORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-686-RJD |
| | ) |
| DR. LARSON and PA GERST, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion for Sanctions (Doc. 65). For the reasons set forth below, this matter is **DISMISSED WITH PREJUDICE** pursuant to the Court's inherent authority to dismiss a case for failure to prosecute, and Defendants' Motion for Sanctions is **FOUND AS MOOT**.

## Background

Plaintiff Melvin Antoni Ford is a former inmate in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center. Plaintiff is proceeding in this action on an Eighth Amendment deliberate indifference claim against Dr. Larson and PA Gerst for providing inadequate treatment for Plaintiff's heart condition and knee and ankle pain.

On October 22, 2020, the Court entered a Scheduling and Discovery Order setting the discovery deadline for August 20, 2021 (*see* Doc. 55). Upon entry of the Scheduling Order, the parties were allowed to engage in discovery on the merits. Defendants Larson and Gerst served interrogatories and requests for production of documents to Plaintiff on November 6, 2020 (*see*

Doc. 63-1). Plaintiff failed to respond to these requests and, on March 30, 2021, Defendants moved to compel his response. The Court granted Defendants' motion to compel on April 13, 2021, and Plaintiff was ordered to provide responses to Defendants' discovery requests by April 27, 2021 (*see* Doc. 64). The Court warned Plaintiff that if he failed to abide by the Court's Order, the undersigned would entertain a request for sanctions by Defendants, up to and including dismissal of this lawsuit.

On May 27, 2021, Defendants filed a motion for sanctions seeking dismissal of this matter pursuant to Rule 37 of the Federal Rules of Civil Procedure. Defendants argue dismissal is appropriate due to Plaintiff's failure to comply with the Court's order and failure to serve written answers or objections to their discovery requests. Defendants explain Plaintiff has received three separate communications from Defendants regarding his discovery (the initial discovery served on November 6, 2020, the first meet and confer letter dated January 28, 2021, and a second meet and confer letter dated February 18, 2021), and also received an Order of the Court to respond by April 27, 2021.

The Court also notes there is nothing in the docket to suggest Plaintiff has not received any of the filings in this matter.

## Discussion

A case may be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

Dismissal under Rule 37 is a high bar, and the Court cannot find that Plaintiff has exhibited willfulness, bad faith, or fault. However, this Court has the "inherent authority to

dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Such a dismissal may be made "when there is a 'clear record of delay or contumacious behavior.'" *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989) (internal citations omitted). In this instance, Plaintiff failed to comply with the Court's order directing him to respond to Defendants' written discovery by April 27, 2021. Also, Defendants assert, and Plaintiff has not contradicted their assertion, that Plaintiff wholly failed to respond to their discovery requests initially served in November 2020. Plaintiff also failed to respond to Defendants' motions for sanctions.

The Court finds that the conduct described above demonstrates a clear record of delay and contumacious conduct that has needlessly delayed this litigation.

While the Court notes there are lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this matter. Moreover, the Court finds Defendants would be prejudiced if this matter were allowed to languish on the Court's docket any longer.

### Conclusion

For the foregoing reasons, this matter is **DISMISSED WITH PREJUDICE** pursuant to the Court's inherent authority to dismiss a case for failure to prosecute, and Defendants' Motion for Sanctions (Doc. 65) is **FOUND AS MOOT**. The case is **CLOSED** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 10, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**